CASE NO.: 3:26-cv-00333

NENA EL BEY,

     Plaintiff(s),

v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

     Defendant.

_____/

## COMPLAINT

    COME NOW, Plaintiff NENA EL BEY (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendant UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY (hereinafter "Defendant" or "Universal"), and alleges the following:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff (a citizen of North Carolina) and Defendant (a foreign corporation organized under the laws of a different state with its principal place of business outside North Carolina), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.    Venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, specifically in Mecklenburg County, North Carolina, where the insured property is located.

## GENERAL ALLEGATIONS

3.      At all times relevant hereto, Plaintiff was the owner of the property located at 6228 Bridlewood Lane, Charlotte, NC 28215 (hereafter "Property").

4.      In consideration of premiums paid by Plaintiff, Defendant issued Plaintiff a valid, binding, and enforceable policy of insurance bearing policy number 4201-1400-0108 (hereafter "Policy"), that insured the Property. A true and correct copy of the Policy is incorporated herein by reference.

5.      On or about August 14, 2025, the Property suffered direct physical loss and damage as a result of a Category 3 sewage backup.

6.      Plaintiff timely reported the loss to Defendant and submitted Claim No. NC25-0103751.

7.      Plaintiff retained a public adjuster who documented extensive covered damage, including personal property, plumbing access/tear-out costs, and a significant gap between Defendant's covered dwelling estimate and the documented scope of repairs submitted by the insured/Plaintiff.

8.      The cause of loss was documented by the Option One Plumbing invoice dated August 15, 2025. This loss is expressly covered under the Policy's terms.

9.      Despite repeated submissions of the same documentation (including the six-page Statement of Loss, pack-out and mitigation reports, complete photo inventory, floor plan, plumbing invoice, and videos of the loss event), Defendant has issued only one vague payment (draft #6670391) with no breakdown, has released no depreciation, has provided no substantive coverage determination on the personal property or plumbing access claims, and has issued only a grossly inadequate dwelling estimate that omits an entire room and fails to follow Category 3 protocols.

10.     On February 19, 2026, the public adjuster sent Defendant a formal Notice of Intent to File a DOI Complaint setting a final deadline of February 21, 2026. That deadline passed with no substantive response.

11. On April 1, 2026, Plaintiff's counsel sent a status request. Defendant's April 15, 2026 reply confirmed receipt of certain requested videos but provided no payment accounting, no coverage determinations, and no timeline – merely stating the videos were "being reviewed" nearly three weeks later.

12. As of April 15, 2026, the claim has been open for over eight months with no meaningful progress.

13. On April 18, 2026, undersigned counsel advised escalation of the matter would be necessary unless a substantive response to the insureds concerns were provided by close of business April 25, 2026 – again, Defendant provided no such response and thus, necessitated filing this Complaint.

14. All conditions precedent to recovery under the Policy have been satisfied by Plaintiff or otherwise waived by Defendant.

## COUNT I
### Breach of Contract (Claim Number: NC25-0103751)

15. Plaintiffs reincorporate Paragraphs one (1) through fourteen (14) as if fully set forth herein.

16. The Policy is a valid and enforceable contract between Plaintiff and Defendant that provides coverage for direct physical loss to the Property, including the Category 3 sewage backup and resulting damage.

17. Plaintiff performed all conditions precedent under the Policy.

18. Defendant breached the Policy by failing to pay the full amount owed for the covered loss, including failing to adequately adjust and pay the personal property claim, the plumbing access costs, and the full scope of dwelling repairs.

19. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, plus interest, costs, and attorneys' fees.

## COUNT II
## Unfair and Deceptive Trade Practices (N.C. Gen. Stat. 75-1.1)

20.     Plaintiffs reincorporate Paragraphs one (1) through nineteen (19) as if fully set forth herein.

21.     Defendant's handling of Plaintiff's claim constitutes unfair and deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1, including the following practices made unlawful under N.C. Gen. Stat. § 58-63-15(11), which are per se violations of § 75-1.1:

a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, in that Defendant ignored the Public Adjuster's February 19, 2026 Notice of Intent to File a DOI Complaint and its February 21, 2026 deadline, provided only a non-substantive reply to counsel's April 1, 2026 status request nearly three weeks after receipt of three short videos, and has otherwise failed to respond substantively to repeated communications for over eight months;

b. Failing to adopt and implement reasonable standards for the prompt investigation of claims, in that Defendant has repeatedly requested the same documents (Statement of Loss, pack-out reports, photo inventory, and videos) that had already been provided multiple times, yet still claims the videos are only "being reviewed" nearly three weeks after receipt and has issued no coverage determinations or revised estimate;

c. Refusing to pay claims without conducting a reasonable investigation based upon all available information, in that Defendant issued a grossly inadequate dwelling estimate that omits an entire room and fails to follow Category 3 protocols, denied plumbing access costs despite the Option One Plumbing invoice and the Policy's

express terms, and has never issued a substantive coverage decision on the personal property claim despite the signed inventory and supporting documentation;

d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, in that Defendant has made only one vague payment with no accounting, released no depreciation, and has provided no timeline or settlement framework despite eight months of delay;

e. Compelling insureds to institute litigation to recover amounts due under an insurance policy, in that Defendant has stonewalled for over eight months, ignored the February 21, 2026 NOI deadline, and responded to counsel's status request with only a non-substantive acknowledgment that the claim is still "being reviewed"; and

f. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement, in that Defendant has never provided a substantive written explanation for its denial of the plumbing access costs (despite the Policy's own language to the contrary) or for its refusal to pay or revise the dwelling estimate and personal property.

21. These actions were not the result of an honest disagreement or innocent mistake but involved aggravating circumstances, including repeated requests for the same documentation already provided multiple times, non-substantive "in review" responses, complete silence after the February 21, 2026 NOI deadline, and an eight-month delay with no payment accounting or coverage determinations.

22. As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiff has suffered actual injury and is entitled to treble damages pursuant to N.C. Gen. Stat. § 75-16 and attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

WHEREFORE, Plaintiff NENA EL BEY demands judgment against Defendant UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY for all insurance benefits due and owing, with interest on overdue payments, costs pursuant to N.C. Gen. Stat. § 7A-305, attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1, treble damages pursuant to N.C. Gen. Stat. § 75-16, and such other relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Nicholas Ciani
Nicholas Ciani, Esq.
Bar No.: 63512
Attorney for Plaintiffs
Ciani Law, PLLC
1529 NE 17th Terr.
Fort Lauderdale, FL 33304
Email: manager@ciani.law
Tel: (954) 654-4445